# CHARLESTON

CITIZENS TRUST AND GUARANTY CO. v. YOUNG, ADM'X.

Submitted October 28, 1914. Decided December 8, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Joint Contract—Action Against Personal Representative.*

    The personal representative of one who was bound jointly with another, by a contract, may be charged and proceeded against, in respect of such contract, as if those bound with the decedent had been bound severally as well as jointly.  (p. 242).

2. SAME—*Action Against Administratrix.*

    A declaration against a personal representative, on a joint or joint and several demand against the deceased person and another, may set forth the demand as if it had been a cause of action against the deceased person alone, taking no notice of the others; and the evidence of such joint, or joint and several, demand is admissible under it.  (p. 242).

3. JUDGMENT—*Default Judgment—Setting Aside.*

    An office judgment actually entered up in court or a judgment entered after an inquiry of damages executed cannot be set aside at the term at which it was entered, except upon the tender of a plea and counter affidavit, denying liability in whole or in part. A mere motion to set aside for error apparent and other causes to be later assigned does not keep the judgment open until the next term for such plea and affidavit.  `(p. 243).

Error to Circuit Court, Tyler County.

Action by the Citizens' Trust & Guaranty Company of West Virginia against Belle V. Young, administratrix. Judgment for plaintiff was set aside, and plaintiff brings error.

*Reversed, and Judgment Reinstated.*

*William Beard,* and *O. C. Carter,* for plaintiff in error.

*M. H. Willis, O. B. Conaway* and *Geo. L. Rose,* for defendant in error.

POFFENBARGER, JUDGE:

This writ of error is to an order setting aside a judgment upon a default and writ of inquiry duly executed. The action was in assumpsit upon an account, and the inquiry of dam-

ages was executed and judgment rendered on the 7th day of
Nov., 1912. Later in the same term, Nov. 15, 1912, the de-
fendant appeared and moved to set aside the judgment for
error apparent and other causes to be subsequently shown,
and the court continued the motion, in view of the absence
of the plaintiff. At the next term, held in February, 1913,
surprise was relied upon as a further ground and affidavits
were filed to sustain it. But the court based its action in
the setting aside of the judgment, upon non-joinder of
parties.

.The declaration charges only individual indebtedness of the
intestate and his promise, in consideration thereof, to pay,
while the bill of particulars sets forth an account for money
paid, laid out and expended for the use and benefit of him
and a third party. If the demand was joint and several,
there was no variance. 2 Chitty Pl. 12th Ed. p. 115, n. and
163, n. But if it was joint, as the court regarded it, the
administratrix could not, under common law principles, be
sued at law on account thereof at all. 1 Chitty Pl. 12th Ed.
p. 50. As to whether it constituted a joint obligation while
the parties were living, no inquiry is necessary, however, for
the statute makes it several for remedial purposes. Code, ch.
99, sec. 13, serial sec. 4372. It says the personal representa-
tive, in such a case, may be charged in the same manner as he
might have been charged, if those bound jointly with the
decedent had been bound severally as well as jointly. The
ground upon which the court based its action obviously fails,
and it remains only to inquire whether a case of surprise was
made out.

A previous action for the same debt had been dismissed for
delay in the filing of the declaration. Between the date of
dismissal and the institution of this action, plaintiff's attorney
told defendant's attorney there was no action pending against
her, and he gave the information to her brothers who brought
it to her attention. But it is contended the representation
was made after this, the second action, was commenced. The
two attorneys, the only witnesses as to the time of the con-
versation, differ as to nothing but the date thereof. Plain-
tiff's attorney swears positively it was before this action was

instituted. Defendant's attorney gives no date and is very indefinite as to the time, saying the representation was "some days prior to the November Term, 1912," and supplements this with the further statement that his failure to appear for· his client was "owing in part to the fact that it was in the closing days of the last county campaign and that he was extremely busy and did not feel that he had time even to make inquiry at the Clerks Office." Defendant's three brothers all say her attorney informed them "during the November Term of Court" that the representation had recently been made to him. In contradiction of the return, the defendant swears only one summons was served on her and that some months before the day specified in the return as the date of service in this action.

If the somewhat uncertain evidence thus adduced could be regarded as sufficient to discharge the burden resting upon the defendant to show good cause for setting aside the judgment, she failed to comply with conditions imposed by sec. 47 of chap. 125 of the Code, serial sec. 4801. No plea nor counter affidavit was filed at the term at which the judgment was entered and there was no suggestion of the existence of any defense on issues of fact. The office judgment could not be set aside except by a plea to issue and a counter affidavit, and these do not alone avail, if the judgment has been actually entered up or the ·inquiry of damages made. Neither was filed until the succeeding term and the plaintiff did not in any manner waive its statutory·right. At the time of the motion, it was not actually in court in person or by attorney. Hence, manifestly it did not agree to the continuance and so impliedly relinquish its statutory right to finality of the judgment for. lack of a plea and affidavit filed before the end of the term.

It follows that the order entered on the 28th day of February, 1913, setting aside the judgment rendered on the 7th day of Nov. 1912, is erroneous and must be reversed, and costs in this court adjudged to the. plaintiff in error, all of which will be certified to the Circuit Court of Tyler County.

*Reversed, and Judgment Reinstated.*