# CHARLESTON

## CLARK v. LEE.

Submitted March 16, 1915.   Decided April 6, 1915.

1. APPEAL AND ERROR—*Decisions Reviewable—Order Setting Aside Default.*

   An order setting aside a judgment by default, entered upon an

inquiry of damages, is a subject of review by writ of error, under clause 9, sec. 1, ch. 135, Code, serial sec. 4981.   (p. 146).

2.  SAME—*Time for Appeal—Cross-Assignment of Error.*
    After the expiration of the period of limitation of appeals, such order cannot be reviewed, and a cross-assignment of error therein made in a brief filed on a writ of error to a later judgment in the case, obtained after the expiration of the limitation of the right of appeal from such order, is unavailing.   (p. 146).

3.  TRIAL—*Excessive Verdict—Right to Correct.*
    Under no circumstances, can the trial court reduce the amount of a general verdict. If it is excessive and the amount of the excess is ascertainable from data appearing in the evidence, an opportunity should be allowed the party having the verdict to remit such excess, and, on his declination to do so, the verdict should be set aside.   (p. 147).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Fayette County.

Action by J. R. Clark against E. B. Lee.   Judgment for plaintiff, and defendant brings error.

*Reversed, verdict restored, and remanded.*

*C. R. Summerfield,* for plaintiff in error.

*Osenton & Horan,* for defendant in error.

POFFENBARGER, JUDGE:

Claiming a balance of $440.09, due him for work and labor and $50.00 for money expended by him in and about the defense of a prosecution in a federal court, Clark brought his action in assumpsit against the defendant, Lee, in August 1908, making the summons returnable to September rules. With his declaration, he filed the statutory affidavit. A default judgment was rendered in his favor on the 12th day of February 1909. On the second day of March 1909, within the same term, Lee appeared and moved the court to set aside the judgment on the ground of surprise, and his motion was sustained. The plaintiff excepted to this action of the court, but did not obtain a writ of error. On the issues raised by the defendant's pleas of non-assumpsit and payment, subsequently filed, a trial was had on May 29, 1909 and resulted in a verdict of $446.64, for the plaintiff. A motion to set aside this verdict was overruled, but the court reduced it to the

sum of $239.75 and rendered judgment for that amount. A writ of error to this judgment was obtained and the plaintiff, in his brief filed in this court, cross-assigns error in the action of the court in setting aside the default judgment.

A period of more than three years intervened between the date of the jury trial and that of the rendition of the last judgment. It is important to inquire, therefore, whether the lapse of time has barred the right of the plaintiff to complain of the abrogation of his default judgment, which occured more than three years before the allowance of the writ of error, the limitation on the writ of error being then two years. If the order setting it aside was an appealable one, and plaintiff's failure to appeal from it within the period of limitation bars right of complaint against it, the cross-assignment of error has come *too late* and avails nothing, for the right of cross-assignment given by our rule No. 10 is necessarily limited to matters brought into this court, or within the power of the complainant to bring them in. The rule cannot enlarge the statute of limitations. Courts can neither enlarge their jurisdiction nor take away the rights of litigants by any rules they may adopt.

Without inquiry as to the jurisdiction, we entertained a writ of error to an order setting aside a default judgment, in *Citizens Trust and Guarantee Co.* v. *Young*, 83 S. E. 1007. Strictly construed, clause 9 of sec. 1, ch. 135, Code, serial sec. 4981, authorizing the allowance of a writ of error or appeal in any civil case where there is an order granting a new trial or rehearing, might not give a right of review in such a case as this. In the usual sense of the term, there has been no trial. The defendant did not appear, there was no issue and the proceeding was rather *ex parte* in character. But the court passed upon the plaintiff's evidence and rendered a judgment, wherefore, in the limited and restricted sense of the term, there was a trial. At any rate, there was judicial action resulting in a judgment, and the motion to set it aside was at lease an application to have the case re-heard. The order complained of destroyed a judgment duly and formally entered up. Being remedial, the statute is to be liberally, not strictly, construed, and the case is within its spirit, if not within its letter.

Determination of the susceptibility of the order to review by the appellate court applies the statute of limitation, unless reviewable orders in law actions are in some way distinguishable from appealable decrees in chancey causes. No ground upon which such a distinction can be made is perceived. In both cases, the statute gives the right of review and then limits the time within which it may be had. An appealable decree, though interlocutory, cannot be reviewed after expiration of the period of the limitation. *Morrison* v. *Leach,* 75 W. Va. 468; 84 S. E. 177; *Barbour, Stedman and Herod* v. *Tompkins,* 58 W. Va. 572; *Shumate's Ex'rs* v. *Crockett,* 43 W. Va. 491; *Core* v. *Strickler,* 24 W. Va. 189; *Buster* v. *Holland,* 57 W. Va. 510.

Reduction of the verdict by the court and rendition of judgment on it as reduced were not in accordance with the rule. Under no circumstances, has the court any power to alter the verdict. If it is not sustained by the evidence, or is plainly and clearly excessive, it should be set aside, in the former case, and, in the latter also; unless the amount of the excess is fairly and reasonably ascertainable from data and the party having the verdict enters a *remittitur* of the excess. If the excess is not accurately ascertainable, on account of the state of the evidence, or the nature of the case in issue, no part of the erroneous verdict can be saved by a *remittitur* and it must be set aside. *Hall* v. *Philadelphia Co.,* 81 S. E. 1727; *Unfreid* v. *Railroad Co.,* 34 W. Va. 260; *Vinal* v. *Core,* 18 W. Va. 1. When, however, there is data in the evidence from which the court can safely determine the amount of the excess, it should give an opportunity to remit such amount, and, if the *remittitur* is not entered, then set aside the verdict. In no case, can the court reduce the verdict and render judgment for what remains after elimination of the excess. *Rogers* v. *Bailey,* 68 W. Va. 186; *Gibson* v. *Governor,* 11 Leigh 600; *Buena Vista* v. *McCandlish,* 92 Va. 297; *Fry* v. *Stowers,* 98 Va. 417.

The bill of particulars charges 22 months of work at $45.00 per month and admits payments, without itemization thereof, amounting to $545.91. The defendant's specifications of payment are 55 in number, ranging from $1.00 to $227.30. Some of these are admitted and others are not.

Those admitted amount to about $450.00. As to many others, the plaintiff disclaims knowledge and says he does not think he received them. Lee says his own statement rendered at the termination of the service and showing a considerable balance due from him was erroneous. He claims credits alleged to have been found just before the trial. As his testimony is founded largely upon book entries and memoranda made during the course of employment, it has some support in corroborative facts and circumstances and seems to be entitled to prevail over that of the plaintiff, in those instances in which he does not deny having received sums of money charged to him, and only says he does not know, or does not remember, whether he did or not. But, if so, a question we do not decide, these items can be more readily and safely ascertained in the court below, with the assistance of counsel, than here.

The judgment will be reversed, the verdict restored and the case remanded for action on the verdict, in conformity with the principles herein stated.

*Reversed, verdict restored, and remanded.*