202 S.E.2d 632 (1973)
Sue Anne PARSONS, etc., et al.
v.
Donald C. McCOY et al., and Berton W. Cremeans et al.
No. 13089.
Supreme Court of Appeals of West Virginia.
Submitted September 26, 1973.
Decided December 4, 1973.
Dissenting Opinion February 19, 1974.
*633 Preiser & Wilson, David C. McCue, Chester Lovett, James Cooper, Charleston, for appellants.
Jackson, Kelly, Holt & O'Farrell, Charles Q. Gage, W. T. Shaffer, Charleston, for appellees Martha White Bean Co. and Martha White Mills.
BERRY, Chief Justice:
This is an appeal by the plaintiffs below, Sue Anne Parsons and Anna Leola Hall, from a judgment of the Circuit Court of Kanawha County entered August 4, 1970 which vacated, set aside and annulled an order by the court of June 2, 1970 which had granted the plaintiffs a default judgment against Martha White Mills of West Virginia, a corporation and Martha White Bean Company, a corporation. Sue Anne *634 Parsons, individually, and by her next friend, Anna Leola Hall, and Anna Leola Hall on her own behalf brought the action for personal injuries to Sue Anne Parsons against numerous defendants as a result of a multi-vehicle collision. The two corporate defendants failed to answer the complaint or otherwise appear within 30 days, and a default judgment was entered against them. However, the two corporate defendants promptly filed a motion to set aside the default judgment, contending that their failure to file an answer within 30 days was the result of excusable neglect. The plaintiffs allege that the lower court erred in setting aside the default judgment contending that the failure of the corporate defendants to file an answer was inexcusable neglect. This Court granted plaintiffs' appeal on May 10, 1971; the case was continued on December 18, 1972, and on September 26, 1973 the case was submitted for decision upon arguments and briefs on behalf of the respective parties.
Sue Anne Parsons was injured as a result of a multi-vehicle collision on Interstate 64 near Dunbar, West Virginia on April 25, 1969. The chain collision accident occurred at approximately 7:15 a. m. in a fog bank. The defendant corporations had leased a truck which was involved in the accident and the corporations had insured the truck with Liberty Mutual Insurance Company. After the accident, the defendant corporations notified Liberty Mutual Insurance Company and the insurance company investigated the accident.
Stanley A. Smith, the claims supervisor for Liberty Mutual, who worked in the Cincinnati office and was responsible for claims in this region of West Virginia, opened a property damage file in the name of Sue Anne Parsons after receiving a letter from the Buckeye Union Insurance Company, asserting a subrogation claim against Steiner Leasing, Inc., the lessor of the truck, and Martha White Mills of West Virginia. Stanley A. Smith denied the subrogation claim on behalf of Liberty Mutual on October 2, 1969.
On July 24, 1969 Patricia Ann Morrison, administratrix of the estate of Ronald Eugene Morrison, deceased, brought an action in the Common Pleas Court of Kanawha County against Berton W. Cremeans, the driver of the truck, and Steiner Leasing, Inc., insureds of Liberty Mutual. Smith, the claims supervisor, opened a file in the name of Patricia Ann Morrison and contacted the law firm of Jackson, Kelly, Holt, and O'Farrell in Charleston, which regularly represents Liberty Mutual in that locality, but was informed by the law firm that it would not be able to represent Liberty Mutual because other insurance companies represented by Jackson, Kelly, Holt and O'Farrell were involved in the litigation arising out of the multi-vehicle accident. Smith then employed Spilman, Thomas, Battle and Klostermeyer, and Howard R. Klostermeyer, Esquire of that law firm, to represent Liberty Mutual in the Morrison action.
On April 17, 1970 Sue Anne Parsons brought the present action and the defendants Martha White Mills of West Virginia and Martha White Bean Company received the summons and complaint from the State Auditor on April 23, 1970. On April 20, 1970 Howard R. Klostermeyer forwarded a copy of a newspaper article to Smith in Cincinnati which advised Smith of the suit by Sue Anne Parsons. Smith incorrectly assumed that Klostermeyer would protect the company against default because over the years Liberty Mutual had worked out a procedure with its regular counsel, Jackson, Kelly, Holt and O'Farrell that if the local counsel were advised of an action against Liberty Mutual, the law firm would notify Smith in Cincinnati and would proceed to file an answer or seek to have the answer date extended. Smith, after receiving a copy of the summons and complaint from the insured, would forward the same to counsel along with any pertinent information received as a result of the company's investigation of the accident. However, in this case, Smith received the summons and complaint from *635 the corporate defendants on April 24, 1970 and laid them on his desk with the intent of forwarding them to Klostermeyer at a later date. An unidentified clerk in Liberty Mutual's offices in Cincinnati picked up the summons and complaint from Smith's desk and mistakenly filed them in the previously opened property damage file in the name of Sue Anne Parsons. Smith did not open a new file for this action and forgot to forward the summons and complaint. Klostermeyer, not knowing of the procedure followed by Jackson, Kelly, Holt and O'Farrell, and not having received any instructions from Smith, did not take any action to protect the insureds against a default.
The plaintiffs contend that the conduct of the insurance company was inexcusable and the circuit court erred in setting aside the default judgment. The defendants filed a cross-assignment of error alleging that the order setting aside the default judgment is not a final order and thus is not appealable.
The defendants' cross-assignment of error will be considered first because if they prevail on this issue the appeal would be dismissed as improvidently awarded.
It is the contention of the defendants that the order of the trial court setting aside the default judgment is not an appealable order under the provisions of Code, 58-5-1. The two provisions of the aforementioned statute under which appeals may be granted by this Court are subsections (a) and (i). Subsection (a) allows appeals in civil cases where the amount involved is more than $100, exclusive of costs, where there is a final judgment, and subsection (i) allows appeals in civil cases from an order granting a new trial or rehearing.
The general rule in this country with regard to orders setting aside default judgments is that they are neither final orders nor orders granting a new trial, the reasoning being that they are interlocutory in nature and since there has never been a trial in the first instance they cannot be considered as orders granting a "new" trial or "rehearing". Annot., 8 A.L.R.3d 1272; Dodd v. Bonds, 220 Ark. 951, 251 S.W.2d 587; Bergen v. Schrodi, 44 Wis.2d 19, 170 N.W.2d 698; Hall v. American National Plastics, Inc., 73 Wash.2d 203, 437 P.2d 693. However, this Court has held that an order setting aside a default judgment is appealable under Code, 58-5-1(i) by virtue of a liberal interpretation of the statute of the term "trial". Clark v. Lee, 76 W.Va. 144, 85 S.E. 64. There is virtually no other authority in other jurisdictions holding that such an order is appealable under statutes similar to Code, 58-5-1(i). See Annot., 8 A.L.R.3d 1272, 1316. The Clark case is the only case in which this matter has been squarely raised and discussed by this Court. An appeal was allowed by this Court from an order setting aside a default judgment in the case of Citizens' Trust & Guaranty Co. v. Young, 75 W.Va. 241, 83 S.E. 1007, and although the jurisdictional question was not raised by either the parties or the court, the order setting aside the default judgment was reversed primarily because no plea nor counter affidavit denying liability was filed during the term of the court in which the default judgment was entered, as required by the statute at that time. This case was decided before the Clark case.
In the recent case of McDaniel v. Romano, W.Va., 190 S.E.2d 8, an appeal was allowed by this Court from an order setting aside a default judgment but the question of whether or not the order was appealable was not raised or discussed in that case. There have been very few cases appealed to this Court involving the setting aside of default judgments for the simple reason that after a default judgment is set aside in most cases a trial is had on the merits, which, incidently, was done in the Clark case. Inasmuch as this Court has enunciated a rule allowing such appeals and since we did not desire to raise the jurisdictional matter on our own motion in the Romano case, we are not inclined at this time to overrule the Clark case.
It is the contention of the appellants, plaintiffs below, that the Circuit Court of *636 Kanawha County erred in setting aside the default judgment in favor of the plaintiffs and against the defendants below, because the failure of the defendants to serve answers within thirty days as required by Rule 12(a), R.C.P., was not a result of mistake, inadvertence, surprise, excusable neglect or unavoidable cause to justify the setting aside of the default judgment as provided by Rules 55(c) and 60(b), R.C.P.
The facts in this case were stipulated by the parties and they reveal considerable misunderstanding which led to the failure of the timely filing of answers by the defendants. The driver of the truck leased by the defendants was involved in a fourteen car and truck accident as a result of thick fog on Interstate 64 near Dunbar. The defendants carried liability insurance with the Liberty Mutual Insurance Company and their regular local counsel was the firm of Jackson, Kelly, Holt and O'Farrell. This firm was unable to represent Liberty Mutual Insurance Company in an action arising out of this accident because of a conflict of interest. The Liberty Mutual Insurance Company, through its claim manager, Stanley A. Smith, employed Howard R. Klostermeyer of the firm of Spilman, Thomas, Battle and Klostermeyer to defend the action brought by Patricia Ann Morrison against one of their insureds.
Another claim in the name of Sue Anne Parsons, the infant plaintiff in the instant case, had been made against Liberty Mutual Insurance Company by way of subrogation by another insurance company and liability had been denied by the Liberty Mutual Insurance Company and a file made for said claim which was still active. Howard R. Klostermeyer, who had been employed by Liberty Mutual Insurance Company in the Morrison case, sent a newspaper clipping to Liberty Mutual Insurance Company with regard to the institution of the action by Sue Anne Parsons in the instant case arising out of the multiple car accident. Mr. Klostermeyer was not employed to represent Liberty Mutual in this case. The summons and complaint in the case were received by Mr. Smith of the Liberty Mutual Insurance Company in Cincinnati, Ohio and placed on his desk and these papers were apparently removed from his desk by an unidentified clerk and placed in the property damage claim file previously opened in the name of the plaintiff Sue Anne Parsons. Mr. Smith forgot to have a new file made for the instant case and also forgot to send the summons to attorney Klostermeyer. Mr. Klostermeyer, not having been employed in the instant case, did not serve an answer within the time required, and, as a result, the default judgment was entered against the defendants. As soon as Mr. Smith of the Liberty Mutual Insurance Company was advised of the default judgment he immediately notified their regular counsel of the failure to serve an answer and three days after the default judgment was entered the motion was made to set aside the default judgment. The judge of the circuit court who entered the default judgment conducted a full hearing on the motion to set aside the judgment after which the default judgment was set aside and the case was appealed to this Court. The hearing before the circuit court indicated that the defendants had a meritorious defense.
Although there is a conflict in the authorities, the majority of the reported cases appear to hold that where an insurance company has misfiled papers this amounts to excusable neglect on the part of the defendant. Annot., 87 A.L.R.2d 870, 879; Toon v. Pickwick Stages, 66 Cal.App. 450, 226 P. 628; Orange Transportation Co. v. Taylor, 71 Idaho 275, 230 P.2d 689; Schuyler v. Board of Education, 14 A.D.2d 468, 217 N.Y.S.2d 255; Scott v. McEwing, 337 Pa. 273, 10 A.2d 436, 126 A.L.R. 367; Hinz v. Northland Milk & Ice Cream Co., 237 Minn. 28, 53 N.W.2d 454.
The contrary view is expressed in the case of Stevens v. Gulf Oil Corporation, 108 R.I. 209, 274 A.2d 163, where the papers were misfiled and were not found until about two months later at which time a motion to set aside the default judgment was denied. In the instant case only three *637 days elapsed before the motion for default judgment was made.
The general rule with regard to the setting aside of default judgments is that such motions are addressed to the sound discretion of the trial court and that the court's ruling on such motion will not be disturbed on appeal unless it is shown that there was an abuse of such discretion. Lugar and Silverstein, W.Va. Rules of Civil Procedure, 55(b) R.C.P.; 7 Moore, Federal Practice, ¶ 60.19, (2d Ed.); Intercity Realty Co. v. Gibson, W.Va., 175 S.E.2d 452; McDaniel v. Romano, W.Va., 190 S.E.2d 8; Hinz v. Northland Milk & Ice Cream Co., supra; Orange Transportation Co. v. Taylor, supra; Scott v. McEwing, supra.
This principle is clearly stated in point 3 of the syllabus of the case of Intercity Realty Co. v. Gibson, supra, in the following language: "A motion to vacate [a default] judgment is addressed to the sound discretion of the court and [the court's ruling on such motion will not be disturbed on appeal unless there is a showing of] an abuse of such discretion." If we were hearing the motion to set aside the default judgment in the first instance we may not have ruled the same as the trial court, but we cannot say that the trial court abused its discretion in granting the motion under the circumstances of this case.
It has been held that the Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments and accomplish justice where merited. McDaniel v. Romano, supra; Kelly v. Belcher, W.Va., 187 S.E.2d 617; Tolson v. Hodge, 4 Cir., 411 F.2d 123.
It has also been held that if any doubt exists as to whether relief should be granted such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits. McDaniel v. Romano, supra; Hutton v. Fisher, 3 Cir., 359 F.2d 913; Tolson v. Hodge, supra.
The evidence taken before the trial court at the hearing on the motion to set aside the default judgment clearly indicates that the defendants have a meritorious defense to the action.
In the case of Intercity Realty Company v. Gibson, supra, the answer by the defendant's attorney was knowingly not filed within the time prescribed by Rule 12(a) R.C.P. It appeared in that case that the attorneys were circumventing the Rules of Civil Procedure by agreeing, among themselves, not to file pleadings within the prescribed time provided by Rule 12(a) and in the argument of that case it was stated that this was a general practice and that Rule 6(b) which sets forth the required procedure for an extension of time for filing was generally ignored. It was held in that case that the trial court did not abuse its discretion in refusing to set aside the default judgment. As a result of the statements with regard to circumventing the Rules the concurring opinion in that case stated that it was mandatory that the defendant serve an answer within twenty days after the service of summons upon him as required by Rule 12(a), R.C.P., and the concurring opinion also stated that unless the Rules were complied with under such circumstances none of the Rules of 60 R.C.P. would be applicable. By so doing, an attempt was made to inform the bar that the Rules of Civil Procedure were made to be adhered to and not ignored. In the case at bar there was no attempt to ignore the Rules of Civil Procedure requiring an answer to be served within the time prescribed by Rule 12(a), R.C.P. The failure to comply with the Rules, as indicated by the stipulated facts in the case at bar, was the result of a misunderstanding and the inadvertence of Stanley A. Smith of the Liberty Mutual Insurance Company. It is clear that he did not intentionally allow the time for serving an answer to expire because immediately upon being apprised of the situation their attorneys were contacted and a motion to set aside the default judgment was filed within three days of the granting of the default judgment.
*638 Default judgments should not be set aside without good cause in any case. However, the trial court found, under the facts involved in this case, that there was good cause for setting aside the default judgment and since timely relief was sought and a meritorious defense shown, any doubt in such cases should be resolved in favor of the motion to set aside the default judgment. It is the policy of the law to favor the trial of all cases on the merits. McDaniel v. Romano, supra; Kelly v. Belcher, supra; Bice v. Stevens, 160 Cal. App.2d 222, 325 P.2d 244.
For the reasons enunciated in this opinion, the judgment of the Circuit Court of Kanawha County is affirmed.
Judgment affirmed.
CAPLAN, Chief Justice (dissenting):
Although I agree generally with the principles expressed by the majority relating to setting aside a default judgment under R.C.P. 60(b), I disagree with the application of such principles to the facts of the instant case and respectfully dissent.
The majority opinion relates certain stipulated facts which reveal that Stanley A. Smith, Claims Supervisor for Liberty Mutual Insurance Company, upon receipt of the summons and complaint involved in this case, placed them upon his desk with the apparent intention of later contacting counsel; that some unidentified clerk in his office misfiled the subject papers; and that the matter remained unattended. Consequently, no answer was timely filed by the defendant to the plaintiff's complaint. It is then stated in the opinion that these briefly stated facts caused considerable misunderstanding which resulted in the aforesaid failure to timely file an answer. It is my thought that rather than a misunderstanding the described circumstances constituted confusion, not contributed to by the plaintiff, but caused solely by the insurance company through its agents.
The record reveals that Mr. Smith over a long period of years had handled these claims for the Liberty Mutual Insurance Company and, being thoroughly experienced in this field, knew that an answer or some pleading had to be filed in reply to the complaint. He had no right to assume that Mr. Klostermeyer, or any other counsel, without his direction would file such answer. As noted in the opinion, "Mr. Smith forgot to have a new file made for the instant case and also forgot to send the summons to attorney Klostermeyer." I believe that this action on the part of Mr. Smith and therefore by the insurance company constitutes negligence but not the excusable neglect contemplated by R.C.P. 60(b).
To adopt the view of the majority would, in my opinion, void all default judgments against insurance companies upon their showing that some clerk in their office, known or unknown, misfiled pertinent papers. It appears that there is a conflict in the authorities but it is my firm belief, in agreement with the decision in Stevens v. Gulf Oil Corp., 108 R.I. 209, 274 A.2d 163, that the situation described in the instant case, that is, misfiling of the complaint or other pertinent papers does not constitute excusable neglect but is mere negligence.
Even though, as aforesaid, I agree with Point 3 of the Syllabus of the opinion to the effect that a motion to vacate a default judgment is addressed to the sound discretion of the court and that its ruling will not be disturbed unless there is a showing of abuse, I believe that the instant facts clearly show such abuse of discretion. If the facts of the instant case constitute excusable neglect then any time that a paper is misfiled or an answer is not made by reason of ordinary negligence grounds would be provided to set aside a default judgment. Although default judgments are not favored by the courts they constitute sound and enforceable judgments unless they are set aside for reasons expressly provided in R.C.P. 60(b).
I have been authorized to say that Justice HADEN joins in this dissent.