429 S.E.2d 70

**MONTERRE, INC.; Leon J. Wilson and Bertha L. Wilson; Thomas H. Lantz and Roberta L. Lantz; Johnnie P. Byrd and Lucy C.M. Byrd; and James E. Sibole and Ruby A. Sibole, Plaintiffs Below, Appellees,**

v.

**OCCOQUAN LAND DEVELOPMENT CORPORATION, Defendant Below, Appellant.**

**No. 21350.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1993.

Decided March 25, 1993.

John G. Ours, Petersburg, for appellees.

Karen L. Garrett, Lary D. Garrett, Garrett and Garrett, Moorefield, for appellant.

PER CURIAM:

Occoquan Land Development Corporation appeals a default judgment granted by the Circuit Court of Hardy County in favor of Monterre, Inc. *et al.* Although Occoquan, a Virginia Corporation, failed to answer the complaint or otherwise to appear within thirty days, Occoquan promptly filed a motion to set aside the default judgment contending that its failure to answer within thirty days was partly caused by a mistake in the mailing of the summons and complaint by the Office of the West Virginia Secretary of State. After the circuit court refused to set aside the default judgment, Occoquan appealed to this Court. Because Occoquan showed good cause why it failed timely to answer the complaint, we reverse the circuit court.

On August 31, 1991, Monterre filed suit seeking title to several hundred areas of land and $4,775.25 for damages done to the land by Occoquan's surveyor. Because Occoquan is a Virginia corporation, on September 4, 1991, Monterre served a copy of the summons and complaint upon the secretary of state. (*See W.Va.Code* 31–1–15 [1984].) The secretary, by certified mail, sent the summons and complaint to an unrelated, although similarly named, corporation with a New Jersey home office. Thereafter, Monterre advised the secretary of the mistake and on September 10, 1991, the secretary mailed the summons and complaint to Occoquan; however, the secretary continued to show that service was accepted on September 4, 1991.

On September 23, 1991, Gene Adkins, the President of Occoquan, received the summons and complaint[1] and he contacted the office of Oscar M. Bean, a West Virginia lawyer who had previously represented Occoquan and made an appointment for October 8, 1991.[2] On October 2, 1991 counsel for Monterre appeared at the setting of the civil docket for the October term of the circuit court and announced that this suit was almost ripe for default and scheduled a hearing on the default judgment for October 7, 1991.[3] On October 7, 1991, after a hearing, the circuit court found that Occoquan was in default on October 5, 1991 and entered a default judgment in favor of Monterre.

When Mr. Adkins met with Mr. Bean on October 8, 1991, Occoquan learned about the October 7, 1991 default judgment. After Mr. Bean advised Mr. Adkins that he could not represent Occoquan in this matter, Mr. Adkins retained current counsel to represent Occoquan. On October 9, 1991, Occoquan filed a motion to set aside the default judgment under Rule 60(b) of the *W. Va. Rules of Civil Procedure* [1990].

After a hearing, the circuit court found that Occoquan had not shown good cause and refused to set aside the default judgment. The circuit court found that the secretary of state's mailing, although delayed, had substantially complied with *W. Va. Code* 56–3–33(c) [1984] (requiring the secretary of state to send "forthwith" notice of service, summons and complaint), and Occoquan had an opportunity to answer the complaint within thirty days.

Rule 55(b), *W. V. Rules of Civil Procedure* [1990] provides that "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered...." *See also W. Va. Code* 56–3–33(c) [1984], which, in pertinent part, provides the following for actions in which service is made through the secretary of state:

> If any defendant served with summons and complaint fails to appear and defend within thirty days of service, judgment by default may be rendered against him at any time thereafter.

Rule 55(c) provides that "[a] judgment by default may be set aside in accordance with Rule 60(b)." Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause...."

■ In Syllabus Point 2, *Parsons v. McCoy*, 157 W.Va. 183, 202 S.E.2d 632 (1973), we said:

> The Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments.

*See* Syllabus Point 2, *Hamilton Watch Co. v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972) (holding that because adjudication of cases on their merits is favored, Rule 60(b) "should be given a liberal construction"). This Court in *Parsons v. McCoy* 157 W.Va. at 191, 202 S.E.2d at 637 said that "if any doubt exists as to whether relief should be granted such doubt should

---

**1.** Although Mr. Adkins' affidavit states that he received the summons on September 23, 1991, the return receipt shows that the summons was signed for on September 20, 1991.

**2.** Although Occoquan telefaxed Mr. Bean's office copies of the documents it had received from the secretary of state, Mr. Bean was not personally contacted and his staff scheduled an appointment for October 8, 1991. Apparently Mr. Bean was aware of the boundary line dispute and before the suit was filed, he informed Occoquan that he could not represent it in this dispute. However, Occoquan thought that Mr.

Bean was referring to a different boundary question that did not involve Monterre.

**3.** Although in its brief Monterre maintains that two lawyers from the office of Mr. Bean were present at the civil docket setting, Occoquan maintains that no one from Mr. Bean's office was present when counsel for Monterre announced that default judgment was almost ripe. In addition, Occoquan maintains that the scheduling of the hearing on the default judgment motion occurred when most members of the local bar were engaged in a discussion of Rule 6, *W. Va. Rules of Civil Procedure* [1990].

be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits." However, a motion to set aside a default judgment obtained in accordance with Rule 55(b) "will not be granted unless the movant shows good cause therefor as prescribed in Rule 60(b)...." Syllabus Point 1, *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970). *See* Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

After the party seeking to set aside the default judgment shows good cause, as listed in Rule 60(b)(1), then the four factors set forth in *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979) must be analyzed. As we explained in syllabus point 3 of *Parsons v. Consolidated:*

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Moreover, in Syllabus Point 3, *Intercity Realty Co., supra,* this Court held:

> A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

*In accord* Syllabus Point 3, *Parsons v. McCoy, supra.*

In the present case, the record shows that because of the secretary of state's mistake in his original mailing of the summons and complaint, Occoquan did not receive a copy of the summons and complaint until September 20, 1991, sixteen days after service was made to the secretary of state. The record also shows that after Occoquan knew about the suit, Occo-quan contacted Mr. Bean, a local lawyer who, although representing Occoquan in other matters, was unable to represent it in this case. After learning of the default judgment, Occoquan had a motion to set aside the default judgment filed within three days of the granting of the default judgment. *See Parsons v. McCoy, supra,* 157 W.Va. at 190, 202 S.E.2d at 636–37 (approving a order to set aside a default judgment in which "only three days elapsed before the motion for default judgment was made"). In the present case, we find that the delay caused by the secretary of state's mistake along with Occoquan's misunderstanding of the scope of Mr. Bean's representation constitutes excusable neglect within the purview of Rule 60(b).

Because of the circumstances of this case, we find that the circuit court abused his discretion in not finding that Occoquan had shown good cause. For the above stated reasons, the judgment of the Circuit Court of Hardy County is reversed and the case is remanded for trial on the merits.

Reversed and remanded.