# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**B.J. Hauling and Excavating Company, Inc.,**
**Defendant Below, Petitioner**

**vs) No. 13-0760** (Berkeley County 12-C-482)

**Inwood Quarry, Inc.,**
**Plaintiff Below, Respondent**

**FILED**

June 13, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner B.J. Hauling and Excavating Company, Inc., by counsel Sherman L. Lambert, appeals the final judgment order entered by the Circuit Court of Berkeley County on July 1, 2013, denying, in part, and granting, in part, petitioner's motion to set aside judgment. Respondent Inwood Quarry, Inc., by counsel Shannon P. Smith and Erin J. Webb, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner purchased goods and services from respondent between October 15, 2010, and October 31, 2011. On November 10, 2011, petitioner attempted to pay off multiple past due invoices by issuing and delivering a check to respondent in the amount of $23,667.40. However, at petitioner's request, petitioner's bank stopped payment on the check and respondent was charged a bad check fee in the amount of $15.00.[1] On February 2, 2012, respondent's counsel sent a letter to petitioner requesting payment of its past due account balance in the amount of $23,271.65.[2] In that letter respondent also warned that a lawsuit would be filed if the account balance was not paid within thirty days.

Respondent filed suit in the Circuit Court of Berkeley County on June 18, 2012, seeking $23,271.76 in compensatory damages based on allegations surrounding the purchase of those goods and services. Petitioner was served through the Secretary of State's office on June 21, 2012. On July 24, 2012, Barbara J. Marrone, president of the petitioner company, faxed a letter

---

[1] Petitioner claims that it stopped payment on the check due to "flagrant factual and financial discrepancies" contained in the invoice.

[2] It is unclear from the record why there is a minor difference in the account balances.

1

to respondent's counsel stating, in part, that "our answer is no – we do not owe what you say we do. We do not owe any interest. We do owe the principal amount that is the answer to the complaint that you filed against us." On July 31, 2012, respondent filed its "Motion for Judgment on the Pleadings or, in the Alternative, for Default Judgment," requesting $23,271.65 in compensatory damages, plus pre-judgment interest, court costs, and attorney's fees. Respondent's counsel served that motion by mail on July 31, 2012.

On August 6, 2012, the circuit court granted respondent's motion and entered its "Order Granting Plaintiff's Motion for Default Judgment." In doing so, it considered the fact that Ms. Marrone was not a licensed attorney and could not represent a corporation. The circuit court also looked to the fact that petitioner had been sent every motion and court order without a response of any kind. On August 23, 2012, a proposed "Order Establishing Payment of Attorney's Fees" was submitted to the court, and respondent provided a copy of that proposed order to petitioner through Ms. Marrone. Given that petitioner did not object to the proposed order and did not file a response, the circuit court entered that order on September 7, 2012. That "Amended Order Granting Judgment for Plaintiff" awarded respondent $23,271.65 in compensatory damages and pre-judgment interest at a rate of 7% per annum from October 15, 2010 (totaling $3,393.78), attorney's fees in the amount of $1,435, and $185 in costs. An "Order Establishing Payment of Attorney's Fees" was entered on September 12, 2012, and on that same date, a certificate of judgment was recorded in the Office of the County Clerk of Berkeley County.

On February 19, 2013, respondent attempted to collect on the judgment by issuing a writ of execution. On April 29, 2013, petitioner made an appearance by counsel and filed and served an answer, a "Motion to Stay Execution of Default Judgment, Entered on September 7, 2012, and Stay Execution of Order Establishing Payment of Attorney's Fees, Entered September 12, 2012," and a motion to vacate, along with other filings. In those motions, petitioner claimed that respondent made flagrant misrepresentations to the court. However, the circuit court found in its order that the alleged misrepresentations amounted to a dispute over the amount due. The motion to vacate claimed that Ms. Marrone's husband was involved in a life-threatening accident during the time petitioner was served with a copy of the summons and complaint.

In its July 1, 2013, order, the circuit court concluded that it should not set aside the default judgment order because it was proper when considering the required factors but that petitioner's behavior did not require, in equity, the award of attorney's fees. Therefore, petitioner's motion to set aside the judgment was denied but petitioner's motion to set aside the award of attorney's fees was granted. Respondent was awarded $23,271.65, plus pre-judgment interest, post-judgment interest, and costs. The circuit court explicitly vacated the previously awarded attorney's fees. Petitioner appeals from that order.

> We review a decision by a trial court to award a default judgment pursuant to an abuse of discretion standard. *See* Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Where, however, "the issue on appeal from the circuit court is clearly a question of law . . ., we apply a *de novo* standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

2

*Leslie Equip. Co. v. Wood Res. Co., LLC*, 224 W.Va. 530, 532-33, 687 S.E.2d 109, 111-12 (2009).

Petitioner now asserts two assignments of error, which will be addressed together due to the great deal of overlap. First, petitioner argues that the circuit court erred by denying petitioner's motion to vacate and set aside the amended order of default judgment. Second, petitioner alleges that the circuit court failed to apply and analyze the factors set forth in *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979). Petitioner contends that Ms. Marrone's communication challenged the amount set forth in the affidavit completed by respondent company's president. Petitioner is also critical of the circuit court for failing to hold a hearing on damages. As it did below, petitioner argues that respondent's complaint contained misrepresentations and constituted fraud upon the circuit court. Petitioner also makes a distinction between a finding of default and default judgment, arguing that the circuit court awarded only default. Petitioner further states that while a corporation must be represented by a lawyer in court, Ms. Marrone was not an attorney and did not file any pleadings on behalf of petitioner. Petitioner argues that under Rule 55 of the West Virginia Rules of Civil Procedure, for purposes of the requirement for notice to a defaulting party prior to a hearing on default judgment, an appearance by an otherwise defaulting party may consist of any communication to an opposing party that demonstrates either an interest in the pending litigation or actual notice of the litigation.

As set forth above, "'[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970)." Syl. Pt. 1, *Drumheller v. Fillinger*, 230 W.Va. 26, 736 S.E.2d 26 (2012). Further,

> "'[i]n determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.' Syllabus Point 3, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979)." Syl. pt. 2, *Monterre v. Occoquan Land Development*, 189 W.Va. 183, 429 S.E.2d 70 (1993).

Syl. Pt. 2, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

Notwithstanding petitioner's argument to the contrary, in its July 1, 2013, order, the circuit court specifically addressed the *Parsons* factors and found that it should not set aside the default judgment order because it was proper when these factors were considered. The circuit court then analyzed the first *Parsons* factor - the degree of prejudice suffered by respondent due to the delay in answering - finding that respondent had begun the process of executing judgment, likely incurring attorney's fees. The court then concluded that this factor weighed slightly in favor of respondent's position. However, the circuit court went on to find that the second factor

weighed in favor of petitioner, noting that petitioner disputed the amount of the debt by attaching a letter from a CPA and some business records. The court also recognized that the faxed letter admitted that petitioner owed the debt and disputed only the interest. The circuit court acknowledged that there were material issues of fact and meritorious defenses, weighing in favor of petitioner's position.

The circuit court also addressed the third factor, the significance of the interests at stake. The circuit court found the debt at issue was over $26,000, which may be "quite significant to the parties involved." It went on to state that the amount in controversy was significantly less than the debt because petitioner company's president admitted that it owed the principle and previously wrote a check for a similar amount in regard to the debt; that check was later cancelled by the petitioner company. The circuit court found that the final *Parsons* factor weighed heavily in respondent's favor. In doing so, the circuit court set forth the timeline of the case, including petitioner's failure to make an appearance to defend its interests until over ten months after the complaint was filed, seven months after judgment was entered, and two months after the writ of execution was issued. The circuit court also took note of the fact that petitioner was contacted by respondent on multiple occasions prior to filing suit, including a final letter warning of the suit. The court concluded that the level of intransigence was extremely high, as it appeared that petitioner simply ignored the court's and respondent's continued correspondence, including certified copies of orders. It was not until judgment was being executed that petitioner attempted to participate in the suit. Based on the *Parsons* factors, the circuit court found that petitioner could not show the good cause required to set aside the award of default judgment. Based upon our review of the record, including the circuit court's July 1, 2013, order, we find that the circuit court did not abuse its discretion in denying petitioner's motion to set aside judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II