# CHARLESTON.

JOHN S. COOGLE· V. NANCY SMITH *et al.*

Submitted September 28, 1920.    Decided October 5, 1920.

1. DISMISSAL AND NON-SUIT—*Conditions Prescribed by Statute as to Striking Case From Docket Must Affirmatively Appear of Record.*

    Before a court can exercise the right given by section 8, chapter 127, Code 1918, to strike from its docket a case in which, for more than four years, there has been no order or proceeding other than a continuance, the condition so prescribed must affirmatively appear from the record. (p. 115).

2. APPEAL AND ERROR—*Decree Dismissing Cause for Failure to Diligently Prosecute is Appealable.*

    Ordinarily an appeal may be taken from a decree dismissing a cause, over the objection of the plaintiff, for alleged want of diligence in the prosecution thereof, as such decree is a final determination of the proceeding for all purposes,

irrespective of his right, if any, to institute another to obtain the same relief; otherwise the court might indefinitely continue to dismiss the cause, and thereby effectually deny him the right to redress his grievance.   (p. 115).

(WILLIAMS, PRESIDENT, absent.)

Appeal from Circuit Court, Monongalia County.

Suit by John S. Coogle against Nancy Smith and others. From a decree dismissing the bill for failure to diligently prosecute, plaintiff appeals.

*Reversed, bill reinstated, remanded.*

*I. C. Ralphsnyder,* and *Hogg & Hogg,* for appellant.
*Moreland & Guy,* for appellees.

LYNCH, JUDGE:

The bill filed in this cause at June rules, 1910, and dismissed by the court December 14, 1918, for failure to prosecute with diligence, had for its only object partition between plaintiff and defendant of a tract of about 30 acres of land in Monongalia County.   Besides proceedings at rules, there were entered in the cause eight different court orders which are briefly noted and designated by number and dates of entry.   The first one, entered October 7, 1912, filed defendant's answer to the bill; the second, entered January, 1913, filed plaintiff's general replication to the answer and an amended bill; the third, entered October 13, 1913, filed defendant's answer to the amended bill; the fourth, entered May 1, 1915, awarded a rule against S. R. Davis, of counsel for plaintiff, commanding him to produce and return to the clerk's office, within five days after the service thereof upon him, the papers of the cause taken by him from the office September 17, 1914; the fifth, entered November 12, 1917, ordered the cause dropped from the docket because no order except formal continuances had been entered therein for four years; the sixth, entered January 31, 1918, reinstated the cause on plaintiff's motion; the seventh, entered December 9, 1918, postponed until December 14th of that year final action on defendant's motion, made December 2d, to dismiss for failure to prosecute the suit to finality; and the one of December 14th, by which the court overruled plaintiff's motion for

a continuance until the succeeding January term to permit the taking of depositions to support the allegations of the bill, and to rebut proof taken by defendant in the meantime, dismissed the cause solely on the ground of want of diligence on plaintiff's part in prosecuting the suit.

. That the file of papers was removed from the clerk's office September 17, 1914, by one of plaintiff's counsel and not returned by him thereafter, and that the rule awarded requiring him to return them was not served because the officer could not and did not find him, and that the papers were in court when the last order was entered, seems to be conceded; at least they constitute the record now before us. They were discovered in the office of a reputable member of the bar of a county remote from Monongalia, where Davis delivered them to him for his examination in connection with another case, and for an expression of an opinion upon the merits of the cause as developed by the pleadings and the depositions of the defendant, and not at all because he had at that time any personal or professional interest in the subject matter of the litigation or the parties to the controversy. Apparently the examination was intended as a mere favor or gratuity by one attorney, without any employment on behalf of either party to the cause, to another who did, it seems, have such employment. The attorney to whom they were so delivered produced them when called upon to do so, and by his affidavit filed in the cause frankly disclosed the mode in which and purpose for which they came into his possession. By mere inadvertence, due largely to Davis' failure to call for them, the papers remained in the meantime out of the office of the court having jurisdiction of the cause, and apparently without intention on the part of any one to delay the maturity and final hearing of the cause. There is an absolute absence of imputation of improper conduct by plaintiff in regard to the loss of the papers or other lack of diligence on his part, except the mere delay and want of diligence apparently attributable, perhaps solely, to the disappearance of the file from the clerk's office. Taking all the facts and circumstances into consideration, we think the motion of the plaintiff for a reasonable opportunity to mature the cause for hearing upon the

merits should have been granted and the motion to dismiss overruled.

Although section 8, ch. 127, Code. 1918, does authorize the courts of this state to strike from the docket "any case wherein for more than four years there has been no order or proceeding but to continue it," the condition prescribed must exist before the rule can be permitted to become operative, and if the condition does not appear, the case cannot be retired from the docket. There was in the history of the cause no period of four years during which no order except for a continuance was entered. During the first four-year period orders filing defendant's answers to the original and amended bills, and plaintiff's general replications to such answers, and filing his amended bill, were entered of record, and during the second period the rule to produce and return the file of papers to the clerk's office was awarded and several orders entered other than for continuances.

Of the retirement of the case from the docket November 12, 1917, plaintiff does not complain, for shortly thereafter it was reinstated upon his motion. His objection goes only to the order of December 14, 1918, the one the finality or appealability of which defendant questions upon this writ. This order, it is true, does not award costs for or against either party to the bill. The reason for the omission does not occur to us, though it does not necessarily destroy its effect as regards it finality. Without such an award it forever terminates the suit. Whether in its present form it precludes the right to institute another for the same purpose we do not say, nor is it preclusive of finality even if plaintiff may still sue again. It does effectively prevent the further maintenance and prosecution of this proceeding by plaintiff without an adjudication upon the merits involved in it. That alone suffices to render it appealable, and if it has that effect, as in our opinion it does, a motion to set it aside was not necessary and doubtless would have been unavailing. 3 C. J. 497.

We therefore reverse the decree, reinstate the cause, and remand it for further proceedings.

*Reversed, bill reinstated, remanded.*