# CHARLESTON.

HARRY C. MILLAR v. CORA L. WHITTINGTON et al.

Submitted February 1, 1921.    Decided February 8, 1921.

1. DISMISSAL AND NONSUIT—*"Proceeding" Avoiding Dismissal Defined.*

The word "proceeding," as used in § 8 of ch. 127 of the Code, includes any step or measure adopted in the prosecution or the defense of an action, except an order of continuance. (p. 667).

2. EQUITY—*Filing at Rules of Bill in Pending Chancery Cause a "Proceeding" Within Statute Providing for Dismissal for Delay.*

The filing at rules of a bill in a pending chancery cause is a

proceeding within the meaning of § 8 of ch. 127 of the Code providing for the dismissal of any pending cause in which no order or proceeding has been had for more than four years, except an order of continuance. (p. 667).

3.  DISMISSAL AND NONSUIT—*Delay in Prosecution Excused Where Caused by Pendency of Negotiations for Settlement.*

Delay in the prosecution of a suit is excused where the same is caused by the pendency of negotiations, between counsel representing the parties, for a settlement of the controversy between them. (p. 664).

Appeal from Circuit Court, Monongalia County.

Suit by Harry C. Millar against Cora L. Whittington and others. From an order dismissing the cause and from an order refusing to reinstate, plaintiff appeals.

*Reversed, and cause reinstated; remanded.*

*Lazzelle & Stewart,* for appellant.
*Terence D. Stewart,* for appellees.

RITZ, PRESIDENT:

On the 15th day of December, 1915, the plaintiff instituted his suit in chancery in the circuit court of Monongalia county upon a claim for a balance alleged to be due him upon a contract between him and the defendants, and as a basis of jurisdiction sued out at the same time an attachment against the defendants, they being non-residents of the state, which attachment was levied upon certain real estate situate in said Monongalia county. The process was returned by the sheriff not executed. At March Rules, 1916, of said court, the plaintiff appeared and filed his bill. No other proceedings were had in the cause until the entry of the decree complained of on the 28th of January, 1920, dismissing said cause. On that day the defendants appeared and moved the court to dismiss the cause upon the ground that there had been no order or proceeding therein other than to continue the same for more than four years, which motion the court sustained, and dismissed the cause from the docket. On the 31st of January the plaintiff appeared and moved the court to set aside the order of dismissal and reinstate the cause, and filed in support of his motion the affidavit of his counsel, I. Grant Lazzelle, upon con-

sideration of which the court overruled said motion and declined to reinstate said cause upon the docket. From the order of January 28th dismissing the suit, and from the order of January 31st refusing to reinstate the same upon motion, this appeal is prosecuted.

The questions involved are: First, did the court properly dismiss this suit under the provisions of § 8 of ch. 127 of the Code, which provides that any court wherein a cause has been pending for more than four years, and where there has been no order or proceeding but to continue it, may at his discretion order such cause to be stricken from the docket; and, Second, if the cause was properly dismissed for this reason, should the court have reinstated the same upon the showing made upon the motion for that purpose?

As we said in the case of *Coogle* v. *Smith*, 87 W. Va. 112, 104 S. E. 284, "Before a court can exercise the right given by section 8, chapter 127, Code 1918 (Code 1913, sec. 4839), to strike from its docket a case in which, for more than 4 years, there has been no order or proceeding other than a continuance, the condition so prescribed must affirmatively appear from the record." The appellees contend that inasmuch as the court's ree recites that no proceeding was had in this cause for more ᵤₐₐn four years, it is a verity, and cannot now be questioned; but even if this is not the case, still they contend that the record in fact does disclose that no proceeding was had for four years, their contention being that the filing of the bill at March Rules, 1916, was not a proceeding within the meaning of the statute. The contention made that the decree entered by the circuit court is a verity, and cannot be impeached collaterally, is quite true, but if the record of the cause itself shows that the recitations of the decree are in fact not true, it will not be allowed to stand. *Lemley* v. *Coal & Coke Co.*, 82 W. Va. 153, and authorities there cited. In this case the decree does recite that no order or proceedings were had for four years, but the record of the cause itself shows that the bill was filed at March Rules, 1916, less than four years before the order of dismissal. Was this a proceeding in the cause? The appellees contend that it was not; that the word "proceeding," as used in that statute, would not include the filing of a bill or any pleading. The statute

provides that where there has been no order or proceeding but to continue the cause within four years, it may be stricken from the docket.    Ordinarily the filing of a bill in a cause is a very substantial proceeding.    It is a thing necessary to be done in order that the cause may be proceeded with at all.    We think the language of this statute makes it clear that the legislature intended to include in the word proceeding anything done in the cause except an order of continuance, and if it were not for that language excepting the order of continuance, the word proceeding would be broad enough to include that.    The term proceeding, as applied to suits, means any step or measure taken in the prosecution or defense of an action.    6 Words & Phrases, 5632 etc.; 3 Words & Phrases (Second Series) 1233 etc.    We are, therefore, of the opinion that the filing of the bill in this cause was a proceeding taken in the cause within the meaning of § 8 of ch. 127 of the Code, and that the court should not have stricken the cause from the docket upon the ground that no proceeding had been had therein for more than four years.

The grounds upon which the motion to reinstate the cause is based are that shortly after the bringing of the suit a member of the bar of Monongalia county representing the defendants entered into negotiations with plaintiff's counsel for a settlement of the cause, and that these negotiations continued until the latter part of the year 1917, when the counsel who was conducting them entered the military service, after which time nothing was done by the plaintiff, his counsel being of opinion that he should wait until the return  of defendants' counsel, with whom the negotiations were being conducted, and that he did not know that defendants had any other counsel representing them until they appeared and made the motion to dismiss. This affidavit was undenied, and in our opinion showed a good cause for refusing to strike the cause from the docket had there been no proceedings in it for four years, and in case such order had been entered, for reinstating it.

Our conclusion is, therefore, to reverse the decrees of the circuit court of Monongalia county complained of, to reinstate the cause, and remand the same for further proceedings.

*Reversed, and cause reinstated; remanded.*