301 S.E.2d 621

**Stephen TAYLOR, an infant, etc.**

v.

**David Alvin SMITH, an infant, et al.**

No. 15502.

Supreme Court of Appeals of
West Virginia.

March 29, 1983.

Larry N. Sullivan, Parkersburg, for appellant.

Fred L. Davis, Jr. and William L. Ballard, Davis, Davis, Hall & Clovis, Parkersburg, for appellees.

PER CURIAM:

Stephen Taylor appeals from an order of the Circuit Court of Wood County denying as untimely his motion to reinstate an action discontinued for failure to prosecute pursuant to the two-year rule of Rule 41(b) of the W.Va. Rules of Civil Procedure. The circuit court denied reinstatement on the ground that it lacked jurisdiction to grant such relief. Because we conclude that Taylor's lawyer did not move for reinstatement within a reasonable time after discovery of the dismissal order, we affirm.

I.

This personal injury action, instituted in 1972 by Steven Taylor, an infant, by and through his next friend, Edrie Barker, arose from a single car automobile accident in 1970. The defendants answered, and filed interrogatories. Discovery depositions of the defendant driver and Steven Taylor were taken and filed in the circuit clerk's office. Taylor's deposition was filed in July of 1975. On July 2, 1975, plaintiff's counsel, Richard F. Pence, was suspended

from the practice of law. As a result of the suspension, plaintiff met with Mr. Pence on July 28, 1975, and an agreement was reached that the case would be transferred to plaintiff's current counsel, Larry N. Sullivan. According to Sullivan's affidavit, the case file was not physically transferred to him until August or September of 1975.

Meanwhile, however, on July 30, 1975, an order was entered striking the case from the trial court docket. According to Sullivan's affidavit, though the record before us does not confirm his representation, the case was set for trial despite the dismissal during the April, 1976 term of court but was continued by agreed order until the July, 1976 term of court, and was again continued until the October, 1976 term of court.[1]

We were informed in oral argument that the local practice is for the Clerk of the Circuit Court of Wood County to prepare a proposed two-year dismissal list, that is made available to counsel in the clerk's office at the beginning of each court term. If counsel does not want the case dismissed, or if the case is not properly subject to dismissal under the two-year rule, the clerk is so advised and the case is ordinarily deleted from the list. We take judicial notice that local practice governing two-year dismissals varies substantially from county to county and, even within judicial circuits, different practices as to notice have gradually evolved.

In any event, there is no dispute that neither Sullivan nor his client received notice of or had knowledge of the dismissal until June 30, 1978, when Sullivan discover- ed the dismissal order while examining the official court file in the circuit clerk's office to determine how soon the case was subject to dismissal under the two-year rule. Sullivan, however, did not promptly seek relief in the trial court after discovery of the order. Instead, he waited almost one year before moving for reinstatement on June 19, 1979.

## II.

■ The narrow question presented by this appeal is whether the circuit court abused its discretion in declining to reinstate the action to its docket. Our scope of review, even where reinstatement is timely sought, is limited. It is only where there is clear showing of an abuse of discretion that reversal is proper. As stated in Syllabus Point 2 of *Nibert v. Carroll Trucking Co.*, 139 W.Va. 583, 82 S.E.2d 445 (1954):

In the absence of a showing of good cause in support of a motion to set aside a nonsuit and reinstate the case the ruling of a trial court denying such motion will not be disturbed by an appellate court.

The case was dismissed as provided for by the second paragraph of Rule 41(b).[2] Rule 41(b) does not require a trial court to give notice of a proposed dismissal, though it does provide that a trial court may publish the fact of dismissal in a newspaper:

Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontin-

---

1. The counties of Wood and Wirt make up the Fourth Judicial Circuit. W.Va.Code, 51–2–1. The Wood County Circuit Court has four terms annually, beginning on the second Monday in January, April, July and October. W.Va.Code, 51–2–1d.

2. It has been suggested that "[a]fter the bench and bar have had experience with the operation of the new Rules, it may be desirable to eliminate entirely the second paragraph of Rule 41(b), which paragraph is not in the Federal Rule. All such involuntary dismissals could be made under the first sentence in Rule 41(b), on motion or on the court's own initiative." M.

Lugar & L. Silverstein, *West Virginia Rules* 331 (1960). Our statutory rules now embraced in Rule 41(b) were borrowed from Virginia. Virginia modified its statute in 1932 to provide that the clerk of the court shall notify the parties in interest if known, or their counsel of record, if living, at his last known address, at least fifteen days before the entry of the order of dismissal, so that all parties may have an opportunity to be heard on the matter. *See* Va.Code, § 8.01–335 (1977) and Va.Code § 6172 (1950). We are inclined to think our rule should be modified to provide for some form of notice of dismissal.

ued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

■ We recognize that plaintiff's counsel did not have actual knowledge of the dismissal until long after the time for making a reinstatement motion had expired. Consequently, he was never alerted that his case had been discontinued. Had counsel had notice, he could have made a substantial showing in favor of reinstatement, because the word "proceeding" as used in Rule 41(b) must be broadly construed to include any step or measure taken in either the prosecution or the defense of the action, except a continuance. Syllabus Point 1, *Millar v. Whittington*, 87 W.Va. 664, 105 S.E. 907 (1921). Here, Taylor's deposition was taken on June 10, 1975, and was ·filed on July 28, 1975, two days before the entry of the dismissal order. By this time, however, the dismissal list had already been prepared at the beginning of the July, 1975 Term. The circuit clerk would not have been aware of Taylor's deposition, as it was taken by agreement of the parties without giving notice of record.

■ Counsel, who must be expected to be aware of local practice, waited over two and one-half years after he obtained the files in the case before checking on whether his case was to be or had been dismissed. While it is unnecessary to decide whether counsel had a duty to examine the official file, it is a relevant fact the trial court could consider in denying reinstatement. Equally important is the fact that counsel failed to make a reinstatement motion within a reasonable time after discovery of the dismissal order.

Counsel seeks to justify his failure to promptly seek reinstatement by arguing that at the time he discovered the case had been dismissed, the law was that a circuit court had no jurisdiction or power over a case after three terms of court had passed

following dismissal. He argues that it was not until our April 10, 1979 decision in *Arlan's Department Store v. Conaty*, 162 W.Va. 893, 253 S.E.2d 522 (1979), that the law permitted a circuit court to reinstate a case when three terms of court had expired since the dismissal, and that he acted with reasonable promptness in seeking reinstatement after *Arlan's* created a new right favorable to his position. We are unable to agree with counsel's proposition.

In *Arlan's*, in responding to a constitutional argument, we concluded that a circuit court on motion has the power to reinstate an action discontinued for failure to prosecute, even after three terms have expired, when the parties consent or there is a showing of fraud, accident or mistake. In Syllabus Point 1, we stated:

When a party fails to make a reinstatement motion within the time period prescribed by R.C.P. 41(b) and W.Va.Code § 56–8–12, such party is not entitled to reinstatement of a case to the docket and the court is without power to grant such relief, except where the parties consent, or where good cause is shown such as fraud, accident, or mistake.

*Arlan's* provides no excuse for his failure to promptly move for reinstatement. The concepts enunciated in *Arlan's* were foreseeable. Counsel should have filed a reinstatement motion within a reasonable time after discovery of the dismissal order, or availed himself of the escape hatch of Rule 60(b), contending the dismissal order was void for lack of notice. He took neither course of action. Neither can we ignore the fact that reinstatement would deny defendants the benefit of the statute of limitations. The law aids those who are diligent, not those who sleep upon their rights. The trial court in view of the circumstances of the case did not abuse its discretion in denying reinstatement.

For the foregoing reasons, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.