382 S.E.2d 583

**STATE of West Virginia, ex rel. William Houston MOORE,**

**v.**

**Honorable Thomas B. CANTERBURY, Judge of the Circuit Court of Raleigh County, and Daniel Church Hodges.**

**No. 18903.**

Supreme Court of Appeals of West Virginia.

July 14, 1989.

W.H. File, Jr., File, Payne, Scherer & Brown, Beckley, for Moore.

G. Patrick Jacobs, Bickley, Jacobs & Barkus, Charleston, for Hodges.

## PER CURIAM:

In this original proceeding before the Court, the petitioner, William Houston Moore, seeks a writ of prohibition directing Thomas B. Canterbury, Judge of the Circuit Court of Raleigh County, to set aside his ruling on a motion pursuant to *W. Va. R. Civ. P.* 60(b)(4) [1] which reinstated a civil action. Since we find no clear legal error in the trial judge's discretionary decision to reinstate the case, we deny the writ.

In 1980 attorney Norman Knapp, on behalf of respondent, Daniel Church Hodges, an Illinois resident, sued petitioner Moore for injuries he sustained in an automobile accident that occurred earlier that year.

In 1982 Knapp wrote the trial judge and requested withdrawal, adding that he would assist Hodges in finding new counsel. The court never acted on the request. Knapp sent a copy of the letter and the case file to Hodges. According to Hodges, he unsuccessfully attempted to reach Knapp on several occasions.

In 1983 the trial judge entered an order dismissing the case *without prejudice* for failure to prosecute, pursuant to Rule 41(b). [2] This order was entered two weeks before Hodges retained attorney, Patrick Jacobs, who does not practice in the county where the case was filed. Knapp, however, apparently remained counsel of record.

From 1983 until 1986, Jacobs was unaware of the dismissal order. Hodges called Jacobs "once or twice a year." In 1986 Jacobs discovered the dismissal order in the circuit clerk's case file.

In 1987, nine months after he discovered the dismissal order, Jacobs filed a motion for reinstatement pursuant to Rule 60(b)(4), alleging the original dismissal order was void for lack of notice and was improperly

---

1. *W. Va. R. Civ. P.* 60(b) reads, in pertinent part:

(b) Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken.

2. *W. Va. R. Civ. P.* 41(b) reads, in pertinent part: "Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, ... may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued."

In *Taylor v. Smith,* 171 W.Va. 665, 667, 301 S.E.2d 621, 624 (1983), we noted that "the word 'proceeding' as used in Rule 41(b) must be broadly construed to include any step or measure taken in either the prosecution or the defense of the action, except a continuance. Syllabus point 1, *Millar v. Whittington,* 87 W.Va. 664, 105 S.E. 907 (1921)."

The circuit court records indicate that within one year prior to the entry of the dismissal order, depositions, and notices of motions were filed, as well as a status conference order.

entered. *See* note 2, *supra*. Following a hearing on the motion, the trial judge relied exclusively on *Brent v. Board of Trustees,* 173 W.Va. 36, 311 S.E.2d 153 (1983) and reinstated the case.

In syllabus point 3 of *Brent, supra,* we held that:

> Where it is established that notice of the entry of an order involuntarily dismissing an action for failure to prosecute has not been given as provided by Rule 77(d), the court may consider a motion for reinstatement after the expiration of three terms from the entry of the dismissal order. However, not every dismissal order entered without notice automatically entitles the aggrieved party to reinstatement. Good cause must still be established to explain the delay in prosecution of the case which led to dismissal in the first instance.

First, the judge found that lack of notice, which was uncontested, voided the 1983 dismissal order, entered just two weeks after Jacobs was retained. *See Brent, supra; Taylor v. Smith,* 171 W.Va. 665, 301 S.E.2d 621 (1983).

Second, the trial judge noted that Jacobs "may have been dilatory" because he did not promptly discover the three-year-old dismissal order or promptly file the 60(b)(4) motion for reinstatement. The trial judge, nonetheless, in his discretion, found that Hodges had established "good cause" for reinstatement under syllabus point 3 of *Brent.* In doing so, the trial judge essentially focused on the court's own failure to act on the withdrawal request by former counsel Knapp, and former counsel Knapp's failure to assist Hodges in retaining new counsel. But for these events, the dismissal order, entered two weeks after Jacobs was retained, may not have been entered. At the very least, Hodges was denied the opportunity to promptly move for reinstatement. *See W.Va.R.Civ.P.* 41(b), motions for reinstatement after entry of a dismissal order for lack of prosecution must be made within three terms of court. Therefore, the trial judge reinstated the case because, after reviewing the chain of events, he found that "equity was on [Hodges] side."

On July 13, 1988, nearly one year after the motion to reinstate the case was granted, petitioner Moore filed a motion to reconsider, which was denied on September 27, 1988.

Based on this order, counsel for Moore filed with the Court a petition for a writ of prohibition against the trial judge "directing him to set aside the Order granting reinstatement of this action and prohibiting the [trial judge] from proceeding further in this action."

■ At the outset we note syllabus point 1 of *Royal Furniture v. City of Morgantown,* 164 W.Va. 400, 263 S.E.2d 878 (1980):

> In setting aside a non-suit and reinstating a case upon the trial docket, the trial judge may consider the evidence adduced prior to the non-suit and his action in so setting aside the non-suit and reinstating the case will not be disturbed on appeal unless a showing is made that he has abused his discretion."

*Accord, Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973); *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972); *Clark v. Lee,* 76 W.Va. 144, 85 S.E. 64 (1915). *See also* syl. pt. 1, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), "An order denying a motion under Rule 60(b), W.Va.R.C.P., is final and appealable."

*W.Va.Code,* 58–5–1 [1925] outlines the appellate jurisdiction of this Court. Subsection (i) reads: "In any civil case where there is an order granting a new trial or rehearing, and in such cases an appeal may be taken from the order without waiting for the new trial or rehearing to be had[.]" As we explained in *Parsons,* 157 W.Va. at 187–188, 202 S.E.2d at 635, the majority of jurisdictions regard an order setting aside a prior judgment order as interlocutory. However, this Court has traditionally, liberally construed the term "trial" under the statute so as to allow an appeal of a 60(b) ruling. Syl. pt. 1, *Parsons, supra.* We later explained the reason this Court permits an appeal on various matters that other courts view as interlocutory:

'Our divergency from the federal rule reflects not so much a difference in philosophy, but is based on the difference between our appellate system and the federal appellate system regarding the right to appeal.

'The right of appeal to a federal circuit court is absolute; under our system, it is not. The consequence of this difference is that we can be less restrictive in interpreting the finality of an order, since upon preliminary review of the application for appeal we may reject it as being without merit.' *Parsons v. Consolidated Gas Supply Corporation,* [163] W.Va. [464, 469,] 256 S.E.2d 758, 761 (1979).

*Mitchem v. Melton,* 167 W.Va. 21, 31, 277 S.E.2d 895, 901 (1981).

■ In syllabus point 6 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), we acknowledged the remedial purposes of Rule 60(b) and the discretion vested in the trial judge in rendering his decision on such motions:

A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va.R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.

■ Given the remedial purposes of the rule and the highly discretionary nature of the decision, the standard of appellate review of a trial judge's decision regarding a 60(b) motion "will not be disturbed on appeal unless there is a showing of abuse of such discretion." Syl. pt. 3, *Parsons, supra.* Accord, syl. pt. 5, *Toler, supra.*

Petitioner now asks the Court to restrain a trial judge's discretion on such matters by considering the order in prohibition.[3] In doing so, petitioner contends that the trial judge committed clear legal error when he

found Jacobs' delay in filing the 60(b)(4) motion (three years after the initial order was entered and nine months after Jacobs assumed the case) was reasonable, under the circumstances.

■ In syllabus point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), we outlined the standard for determining when prohibition lies:

In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

■ Recently, in syllabus point 3 of *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989), we noted: "Under Rule 60(b) of the West Virginia Rules of Civil Procedure, motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period."

■ In this case the trial judge could properly find that the events surrounding the initial entry of the dismissal order and the court's failure to remove former counsel Knapp from the case contributed to attorney Jacobs' inaction on the matter to such a degree that the reinstatement motion, under the circumstances, was reason-

---

**3.** Petitioner contends prohibition is proper because there is "clear cut legal error," relying on *Arlan's Dept. Store v. Conaty,* 162 W.Va. 893, 253 S.E.2d 522 (1979). However, in *Arlan's,* the question before this Court was whether a trial court *retained jurisdiction* after entry of a final order so that the trial court could consider

reinstatement under Rule 41(b), and its predecessor, *W.Va.Code,* 56–8–12 [1923]. Unlike Rule 60(b)(4), Rule 41(b) specifically limits the time (one year after entry of the order) in which a trial court retains jurisdiction to hear a motion to reconsider.

ably filed. We also note that petitioner, in his brief, points to the necessity of prohibition, rather than appeal, because appeal would be inefficient and a "waste of time." However, petitioner waited for nearly a full year after the order setting aside the dismissal order was entered before filing with the trial court a motion to reconsider. Therefore, the decision does not represent substantial clear-cut legal error, nor does it place an undue burden on the petitioner.

Based upon the foregoing, the writ of prohibition is hereby denied.

Writ denied.