445 S.E.2d 169

**Edmond R. VOZNIAK and Nina M. Vozniak, Plaintiffs Below, Appellants,**

v.

**Colleen WINANS and Phyllis Jones, Defendants Below, Appellees.**

No. 21823.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 1994.

Decided Feb. 18, 1994.

W. Henry Lawrence, IV and Jacqueline A. Wilson, Steptoe & Johnson, Clarksburg, for appellants.

J. Michael McDonald and Stephen F. Gandee, Robinson & McElwee, Clarksburg, for appellees.

## PER CURIAM:

The appellants and plaintiffs below, Edmond R. and Nina M. Vozniak, appeal the involuntary dismissal under Rule 41(b) of the West Virginia Rules of Civil Procedure of their personal injury suit on January 11, 1993. The suit was filed on October 12, 1989. Both sides engaged in discovery by way of interrogatories and depositions of the parties. The last deposition was taken on December 18, 1991.

During this period of time, there had been some settlement discussions. The plaintiffs state that the defendants' insurance carrier paid the property damage claim on their motor vehicle. However, according to the plaintiffs' attorney, the plaintiffs were not given any notice that defense counsel handling the case left the firm and new defense counsel from another firm took over.[1] This change occurred during the period that plaintiffs had submitted an offer in settlement.

■ We have recognized under the language of Rule 41(b), that where there is an involuntary dismissal, a motion to reinstate must be made within three terms of the dismissal order accompanied by a showing of good cause. As we stated in Syllabus Point 1 of *Brent v. Board of Trustees of Davis & Elkins College,* 173 W.Va. 36, 311 S.E.2d 153 (1983):

> "Under *W.Va.R.Civ.P.* 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case."

In *Evans v. Gogo,* 185 W.Va. 357, 359, 407 S.E.2d 361, 363 (1990), we pointed out a longstanding corollary to a Rule 41(b) dismissal, where we quoted this language from *Gray v. Johnson,* 165 W.Va. 156, 163, 267 S.E.2d 615, 619 (1980): " 'Involuntary dismissal for failure to prosecute should only occur when there is lack of diligence by a plaintiff and demonstrable prejudice to defendant.' (citations omitted)." We also went on in *Evans* to point out that in determining whether there was good cause for reinstatement of a case after a Rule 41(b) dismissal that such determinations of "good cause and prejudice must be made ... after a careful examination of the record." 185 W.Va. at 359, 407 S.E.2d at 363.

■ We determine that the trial court erred in granting a Rule 41(b) dismissal. We note first that the dismissal came one year and twenty-four days after the last discovery deposition was taken. Rule 41(b) allows an involuntary dismissal only after no activity

---

1. The record in this case is meager because the circuit court, after dismissing the case, refused to set a hearing on the plaintiffs' motion to reinstate the case as permitted by Rule 41(b) of the Rules of Civil Procedure.

has been taken in a case for more than one year. Thus, the time period had barely passed before the dismissal occurred.

Second, we find that the factors in *Gray* were not considered. It cannot be said that there was a lack of diligence on the part of the plaintiffs in view of the discovery undertaken and the initiation of settlement procedures. Furthermore, the defendants have failed to demonstrate any prejudice which would result from the reinstatement of the case.

For the foregoing reasons, the judgment of the Circuit Court of Taylor County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.