## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Terry Raab and Anna Raab,**
**Plaintiffs Below, Petitioners**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0249** (Kanawha County 08-C-187)

**David M. Marshall, an individual, and Paul D. Marshall Architects**
**& Engineers, Inc., a West Virginia Corporation**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Terry and Anna Raab, plaintiffs below, by counsel Stephen E. Hastings, appeal the Circuit Court of Kanawha County's August 28, 2012, "Order Granting Defendants' Motion to Dismiss for Failure to Prosecute" and January 31, 2013, "Order Denying Motion [to Reinstate Case]." Respondents David M. Marshall and Paul D. Marshall Architects & Engineers, Inc., defendants below, by counsel Mark A. Swartz and Mary Jo Swartz, respond in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Factual and Procedural History

A non-party to this appeal, Saville Construction, performed home renovation work for Petitioners Mr. and Mrs. Raab. The architect on the project was Respondent David Marshall of Respondent Paul D. Marshall Architects & Engineers, Inc. (collectively referred to herein as "Marshall"). The Raabs assert that Marshall also agreed to perform construction oversight. In 2006, Saville Construction and the Raabs filed cross lawsuits for issues arising out of the renovation project. On January 28, 2008, the Raabs filed the instant lawsuit suit against Marshall alleging that Marshall's work on the project constituted a breach of contract, negligence, breach of fiduciary duty, and misrepresentation.[1] Marshall denied any wrongdoing. Thereafter, Saville Construction and the Raabs settled with one another.

Pursuant to a December 1, 2010 scheduling order, the Raabs' claims against Marshall were set for trial on May 2, 2011. On February 17, 2011, one of the Raabs' experts on liability was deposed, but another of their experts—a contractor—had an emergency and could not be deposed on that day.

On April 6, 2011, Marshall moved to continue the trial, or strike the Raabs' expert

---

[1] The specific allegations are not explained in the briefs or in the record on appeal, and the merits of the case are not before this Court.

1

witnesses, or dismiss the case for the Raabs' failure to produce expert witnesses for deposition. The Raabs verbally agreed to a continuance, and the court continued the trial without entering a written order.

On May 7, 2012, Marshall filed a motion pursuant to West Virginia Rule of Civil Procedure 41(b) to dismiss the case for failure to prosecute. Rule 41(b) provides, in part,

> (b) *Involuntary dismissal; effect thereof.* – For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued courts costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. . . . The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit . . . .

The circuit court held a hearing on the Rule 41(b) motion on July 23, 2012, and granted the motion by order entered on August 28, 2012. The court found, inter alia, that no filings or hearings had occurred in the case since the trial was continued over a year earlier; the Raabs had not identified an expert architect or provided Marshall with a date for deposing their expert contractor; the case had been pending for four years; and the Raabs had not met their burden of demonstrating good cause for the delay. Thereafter, the Raabs filed a motion for reinstatement. On January 31, 2013, the circuit court denied the motion to reinstate upon concluding that the Raabs failed to show good cause to excuse the neglectful prosecution.

## II. Standard of Review

In *Caruso v. Pearce*, we discussed our standard of review of an order dismissing a case pursuant to Rule 41(b):

> We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard. We stated in *Dimon v. Mansy*, 198 W.Va. 40, 46, 479 S.E.2d 339, 345 (1996):

>> Traditionally, our scope of review, even where reinstatement [of an action which is dismissed for failure to prosecute] is timely sought, is limited. It is only where there is a clear showing of an abuse of discretion that reversal is proper.

> "Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling." *Covington v. Smith*, 213 W.Va. 309, 322, 582 S.E.2d 756, 769 (2003). *See also, Intercity Realty*

2

*Co. v. Gibson*, 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970) ("Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.")

*Caruso v. Pearce*, 223 W.Va. 544, 547, 678 S.E.2d 50, 53 (2009).

### III. Applicability of Rule 41(b)

The Raabs argue that during the thirteen-month period preceding the Rule 41(b) motion, they did engage in "proceedings" as that word is used in the rule. They contend that there was no period of inactivity that would make their case subject to involuntary dismissal. They argue that "the word 'proceeding' as used in Rule 41(b) must be broadly construed to include any step or measure taken in either the prosecution or the defense of the action, except a continuance." *Taylor v. Smith*, 171 W.Va. 665, 667, 301 S.E.2d 621, 624 (1983) (quoting Syl. Pt. 1, in part, *Millar* v. *Whittington*, 87 W.Va. 664, 105 S.E. 907 (1921)). They also rely upon *Vozniak v. Winans* that said: "Rule 41(b) allows an involuntary dismissal only after no activity has been taken in a case for more than one year." *Id.*, 191 W.Va. 228, 229-30, 445 S.E.2d 169, 170-71 (1994).

To support their argument that there were "proceedings" during the thirteen-month period, the Raabs point out that on June 17, 2011, they paid a twenty dollar fee to the circuit clerk so that their case would remain on the court's docket. This fee was paid pursuant to West Virginia Code § 59-1-11(b)(11), pertaining to fees for cases remaining on the docket longer than three years.[2] We find this argument to be unavailing. The fee payment to the clerk's office simply maintained the status quo, it did nothing to further the prosecution of the case. Moreover, Rule 41(b) grants a court authority to dismiss a case when an action is pending for more than one year with no order or proceeding, "or" when the plaintiff is delinquent in the payment of accrued court costs. The use of the disjunctive "or" indicates that dismissal for lack of an order or proceeding is a separate ground for dismissal from the failure to pay court costs. If a plaintiff could maintain a case on the docket indefinitely by doing nothing more than paying a small annual court cost, then other provisions of Rule 41(b) would be frustrated.

The Raabs also argue that the parties had informal discussions about conducting a second mediation. The Raabs assert that a mediator was agreed upon, but no mediation date was set. Marshall denies agreeing to mediate during the thirteen-month period. Marshall asserts that the parties engaged in an unsuccessful mediation in 2010, and nothing had changed in the interim. Marshall asserts that despite requests, the Raabs failed to provide a date when their expert contractor could be deposed; they never identified an expert architect or provided any report that shows Marshall was negligent; and, after years of litigation, the Raabs never specified a monetary value for their alleged damages.

The record on appeal contains two e-mails sent by the Raabs' lawyer—sent on April 3 and May 4, 2012, respectively—where the Raabs' lawyer inquired of Marshall's lawyers about their availability for mediation. However, there is no evidence in the appellate record to prove that Marshall or his lawyers agreed to mediate during the months leading up to their Rule 41(b)

---

[2] In 2012, this subsection was redesignated as West Virginia Code § 59-1-11(b)(10).

motion. In light of the dearth of evidence, we cannot conclude that the circuit court abused its discretion in rejecting the Raabs' argument that mediation was planned.

The Raabs also assert that the circuit court dismissed their case two months after they obtained a new trial date and new scheduling order. They set this scheduling conference and obtained this order *after* the Rule 41(b) motion was filed. Inasmuch as the motion to dismiss was pending, and more than a year of inactivity had already occurred, we do not find this after-the-fact action by the Raabs to be persuasive.

It is undisputed that the circuit court did not enter any orders for more than one year preceding the Rule 41(b) motion. Also, there were no hearings, depositions or other discovery, witness disclosures, or other litigation activity during this period. Even using a broad definition of the term "proceedings" as proposed by the Raabs, we find no abuse of discretion in the circuit court's conclusion that no proceedings occurred in excess of one year. Thus, the case was subject to dismissal under Rule 41(b).

### IV. Failure to establish good cause for the delay

Upon concluding that the case was subject to dismissal under Rule 41(b), the next step is to examine whether the Raabs showed good cause for their inactivity. We have previously discussed what a plaintiff must do to avoid dismissal for inactivity:

> "[B]efore a case may be dismissed under Rule 41(b), [a plaintiff may avoid dismissal by showing good cause for the delay in prosecuting the case.] . . . [T]he plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant. . . . [T]he court, in weighing the evidence of good cause and substantial prejudice, should also consider (1) the actual amount of time involved in the dormancy of the case, (2) whether the plaintiff made any inquiries to his or her counsel about the status of the case during the period of dormancy, and (3) other relevant factors bearing on good cause and substantial prejudice. . . ." Syllabus Point 3, in part, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996).

Syl. Pt. 1, *Caruso*, 223 W.Va. at 546, 678 S.E.2d at 52. The Raabs' "good cause" arguments are that settlement discussions were underway; that fundamental fairness and due process principles favor adjudication on the merits; and that Marshall would not suffer prejudice if the case were reinstated.

After carefully considering the arguments and the circuit court's orders, and in light of our analysis above, we do not find any abuse of discretion in the circuit court's dismissal and refusal to reinstate the case. This lawsuit had been pending for four years when the Rule 41(b) motion was filed—and the companion litigation against Saville Construction had begun two years before that. The previous motion to exclude witnesses or to dismiss the case concerned the Raabs' failure to identify an expert witness and to produce another expert witness for deposition, yet another year passed and the Raabs failed to address these issues. Now, after the delays, the

4

Raabs argue that they do not need an expert architect to prove their case, but this argument does not address their failure to complete discovery or take other action to prosecute the case.

The Raabs argue that Marshall did not suffer substantial prejudice by the delay, but under Syllabus Point 3 of *Dimon*, a defendant does not have to prove substantial prejudice unless the plaintiff first comes forward with evidence of good cause for the delay. *Id.*, 198 W.Va. at 546, 678 S.E.2d at 52. In this case, the Raabs have not presented evidence of good cause for the delay.

Finally, the Raabs contend that the circuit court did not make sufficient findings of fact and conclusions of law in its orders. We disagree. The court cited the relevant law, explained how long the case had been pending, and explained plaintiffs' inactivity. We find that the orders are sufficient for appellate review.

## V.  Conclusion

In light of our deferential standard of review, and after a review of the parties' arguments and the record on appeal, we are not left with a firm conviction that an error has been committed in this case. *See Caruso*, 223 W.Va. at 547, 678 S.E.2d at 53. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 8, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Brent D. Benjamin

5